CRAIG CARPENITO
United States Attorney
By: MARK C. ORLOWSKI
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2760
Attorney for the Plaintiff,
United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| RAINBOW FOOD GROUP, INC., and ROBERT KALKAN, | : |
| Defendants. | : |

## COMPLAINT FOR PERMANENT INJUNCTION

Plaintiff, United States of America, by and through its attorneys, Craig Carpenito, United States Attorney for the District of New Jersey, and Mark C. Orlowski, Assistant United States Attorney (appearing), files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action brought by plaintiff, the United States of America, against defendants, Rainbow Food Group, Inc. ("Rainbow"), and Robert Kalkan ("Kalkan") (collectively, "Defendants"), seeking permanent injunctive relief for

violations of the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 et seq. and the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. § 451 et seq.

2. Defendants have violated the FMIA and PPIA by offering for sale within New Jersey, which is a designated state under the FMIA and PPIA, uninspected meat and poultry products for human consumption that were required to be inspected. Further, Defendants violated the PPIA by failing to maintain required records.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Rainbow Food Group, Inc. ("Rainbow") is an incorporated wholesale commissary located at 3 South Grey Rock Avenue, Little Falls, New Jersey 07424.

5. Defendant Robert Kalkan ("Kalkan") is the President of Rainbow.

6. Kalkan and his business partners have full operational control and knowledge of all of Rainbow's business transactions.

7. Defendants are and have been engaging in the sale of meat and poultry products within State of New Jersey.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 21 U.S.C. §§ 467c and 674, and 28 U.S.C. §§ 1331, 1337, and 1345.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the actions giving rise to this action occurred in the District of New Jersey, and because Defendants transact business within this District.

## REGULATORY SCHEME

10. Pursuant to 21 U.S.C. § 454(c)(1) and 9 C.F.R. § 381.221 (*see also* 40 Fed. Reg. 23453-54 (May 30, 1975)), New Jersey has been designated as a state to which the requirements of sections 1 through 4, 6 through 10, and 12 through 22 of the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. § 451 et seq., apply to operations and transactions wholly within the state.

11. Pursuant to 21 U.S.C. § 661(c)(1) and 9 C.F.R. § 331.2, New Jersey has been designated as a state to which the provisions of subchapters I and IV of the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 et seq., apply to operations and transactions wholly within the state.

12. As the FMIA and PPIA provide, meat, meat food products, poultry, and poultry products are an important source of the nation's total supply of food. It is essential in the public interest that the health and welfare of consumers be protected by assuring that these foods distributed to consumers are wholesome, not adulterated, and properly marked, labeled, and packaged. *See* 21 U.S.C. § 451; 21 U.S.C. § 602.

13. The FMIA and PPIA prohibit any person, firm, or corporation from selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, or within a designated state, any meat or meat food product, FMIA, 21 U.S.C. § 610(c)(2) or poultry or poultry product, PPIA, 21 U.S.C. § 458(a)(2)(B), required to be inspected by the United States Department of Agriculture ("USDA"), unless they have been so inspected and passed inspection.

14. Additionally, the FMIA requires any persons, firms, or corporations that engage in the business of buying and selling (as meat broker, wholesalers or otherwise), transporting in commerce, or storing in or for commerce, or importing, any parts or products of carcasses of any cattle, sheep, swine, goats, horses, mules, or other equines, to keep such records that will fully and correctly disclose all transactions involved in their business. *See* 21 U.S.C. § 642(a)(meat products); *see also* 21 U.S.C. § 460(b)(similar provision in the PPIA for poultry products). The records must include information of each transaction including, among other things, the name and address of the buyer of the poultry or meat food products. *See also* 9 C.F.R. § 381.175(b)(1)(poultry); *see also* 9 C.F.R. § 320.1(b)(1)(meat).

<u>FIRST CAUSE OF ACTION</u>
Violations of the FMIA and PPIA – Uninspected Meat and Poultry Products

15. The allegations in paragraphs 1 to 14 are incorporated by reference as though fully set forth herein.

16. On or about October 1, 2018 and December 11, 2018, and on other dates, defendants violated the FMIA and PPIA by offering for sale or transportation in commerce meat, meat products, poultry or poultry products required to be inspected and under the FMIA and PPIA, without the products first passing federal inspection.

17. On or about October 1, 2018, Defendants prepared and sold within the designated State of New Jersey to North Jersey Friendship House, a wholesale customer, approximately 40 pounds of chicken empanadas that were required to be

inspected under the PPIA and were not so inspected and passed (the "October 1, 2018 violation").

18. On or about December 11, 2018, Defendants prepared and offered for sale within the designated State of New Jersey to North Jersey Friendship House, a wholesale customer, approximately 84 pounds of chicken and beef empanadas that were required to be inspected under the PPIA and FMIA and were not so inspected and passed (the "December 11, 2018 empanada violation").

19. On or about December 11, 2018, Defendants prepared and sold within the designated State of New Jersey to Nick's Catering, a wholesale lunch truck customer, approximately 3 pounds of chicken salads that were required to be inspected under the PPIA and were not so inspected and passed (the "December 11, 2018 chicken salad violation").

20. On or about December 11, 2018, Defendants prepared and sold within the designated State of New Jersey to TKMD Catering, a food truck operator, approximately 2 pounds of bacon and egg platters that were required to be inspected under the FMIA and were not so inspected and passed (the "December 11, 2018 bacon platter violation").

21. Prior to the October and December, 2018, visits by USDA investigators, Defendants had received three Notices of Warning from the USDA regarding violations of the PPIA and FMIA and several visits from USDA investigators during which the investigators explained the requirements of the PPIA and FMIA.

22. Defendants received Notices of Warning dated April 17, 2017, December 4, 2017, and May 17, 2018, for violating the FMIA and PPIA by selling, transporting, or offering for sale or transportation, non-federally inspected meat, meat food products, poultry and poultry products for human consumption.

23. Defendants are familiar with the requirements of the FMIA and PPIA.

24. Additionally, on November 13, 2017, Kalkan stated to federal investigators that Rainbow does not operate under a Grant of Federal Inspection; acknowledged to federal investigators that Rainbow supplies uninspected meat and poultry products daily to approximately 60 lunch trucks who resell those products to the public; admitted that Rainbow has been engaged in that practice for approximately 2 years and agreed to discontinue preparing and selling food products that require USDA inspection until he received a grant of federal inspection.

25. Kalkan has also acknowledged repeated and knowing violations of the FMIA and PPIA in conjunction with Rainbow's business operations.

26. By issuing Notices of Warning, the USDA has extended to the Defendants numerous opportunities to voluntarily comply with the FMIA and PPIA in an effort to avoid utilizing the Court's resources.

27. Despite continued warnings and their acknowledgement of their repeated violations of the FMIA and PPIA, Defendants nevertheless continue to violate the FMIA and PPIA by selling, transporting, or offering for sale or transport, uninspected meat and poultry products.

28. The United States seeks the Court's assistance with enforcing the FMIA and PPIA against Defendants based on their knowing and repeated violations of the FMIA and PPIA.

29. The United States thus seeks to have Defendants enjoined, restrained, and prohibited from further violations of the FMIA and PPIA through injunctive relief to prevent Defendants' continued sale or transport, or offer for sale or transport, of uninspected meat and poultry products for human consumption with the State of New Jersey.

SECOND CAUSE OF ACTION
PPIA Recordkeeping Violation

30. The allegations in paragraphs 1 through 29 are re-alleged and incorporated by reference as though set forth fully herein.

31. On or about January 23, 2019, when USDA investigators were investigating the December 11, 2018 chicken salad violation, Rainbow was not able to provide the USDA Investigator records of the total number of chicken salads it prepared for its wholesale customers and to whom it sold the chicken salads and, therefore, violated the PPIA by failing to maintain records as required by 9 C.F.R. § 381.175(b) and 21 U.S.C. § 460(b).

32. Because Defendants have failed to keep proper records of the sale of poultry products, and in order to prevent Defendants from the repeated failure to maintain records relating to the sale of meat and/or poultry products the United States seeks the Court's intervention to enjoin, restrain, and prohibit Defendants from committing further violations of the PPIA.

PRAYER FOR RELIEF

WHEREFORE, plaintiff the United States of America requests that judgment be entered in its favor and against the Defendants, and seeks entry of an order granting the following relief, along with such further relief as the Court may deem just and proper:

(a) a permanent injunction requiring and compelling Defendants to comply in all pertinent particulars with the FMIA and PPIA, as well as the regulations promulgated thereunder;

(b) a permanent injunction enjoining and restraining Defendants and their employees, agents, representatives, successors, and assigns, and any and all persons in active concert or participation with any or all of them, from directly or indirectly selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, or within the designated State of New Jersey, any meat, or meat food product, poultry, or poultry product required to be inspected and passed by the USDA, unless such products are so inspected and passed by the USDA;

(c) a permanent injunction enjoining and restraining Defendants and their employees, agents, representatives, successors, and assigns, and any and all persons in active concert or participation with any or all of them, from directly or indirectly selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, or within the designated State of New Jersey, any poultry or poultry product required to be inspected, without preparing and maintaining the records required by the PPIA; and

(d) costs awarded to plaintiff the United States of America for bringing this action, including reasonable attorneys' fees, disbursements, and such further relief as the Court may deem just and proper.

        Respectfully submitted,

        CRAIG CARPENITO
        United States Attorney

        *s/ Mark C. Orlowski*
        By: MARK C. ORLOWSKI
        Assistant U.S. Attorney

Dated: April 17, 2020

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Assistant U.S. Attorney Mark C. Orlowski, U.S. Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, N.J. 07102
(973) 645-2760

## DEFENDANTS
Rainbow Food Group, Inc.; Robert Kalkan

County of Residence of First Listed Defendant  Passaic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John J. Veteri, Jr., Esq., 3 University Plaza, Suite 207, Hackensack, New Jersey 07601

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. section 451; 21 U.S.C. section 601
Brief description of cause:
Suit for permanent injunction to enforce Poultry Products Inspection Act and Federal Meat Inspection Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  04/17/2020
SIGNATURE OF ATTORNEY OF RECORD  */s/*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____